**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**RECEIVED
**NORTHERN DIVISION**

2007 MAY 21  P 4· 11

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY and DANIEL J. ROACH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| NORCOLD, INC. A, B, and C fictitious defendants, intending to name those firms or corporations which sold, manufactured and/or installed the refrigerator and its hoses, pipes and connectors; D, E and F, intending to name those persons, firms or corporations which manufactured, sold or placed in the stream of commerce the travel trailer made the basis of this lawsuit., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO. 2:07-cv-454-ID

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, Defendant Norcold, Inc. (hereinafter "Norcold"), hereby gives notice of the removal of this action to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for this removal, Norcold states as follows:

## INTRODUCTION

1.    On or about April 19, 2007, Plaintiffs commenced a civil action against Norcold in the Circuit Court of Lowndes County, Alabama, , there pending as Civil Action Number CV-2007-29. The Circuit Court of Lowndes County is an Alabama state court within this judicial district and division.

2.    Norcold was served with a copy of the summons and complaint on April 23, 2007. Therefore, this notice of removal is timely filed.

1570003 v1

- 1 -

3.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Norcold in the state court are collectively attached hereto as Exhibit "A".

## DIVERSITY JURISDICTION

4.     This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of Defendant sued under fictitious names shall be disregarded.
>
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as Defendant is a citizen of the State in which such action is brought.

5.     This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1)     citizens of different States....

6.     Plaintiff State Farm Mutual Auto Insurance Company is licensed to do business in the State of Alabama.  *See* Complaint at ¶ 1.

7.     Plaintiff Daniel J. Roach is individual resident of Florida.

8.    Norcold is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Ohio.  Norcold is not a citizen of the States of Alabama.[1]

9.    Thus, the diversity of citizenship requirement is met in this case.

## AMOUNT IN CONTROVERSY

10.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

11.    In determining the amount in controversy, the Court will first  look at amount of damages claimed in the Complaint. *See Jones v. Wal-mart Real Estate Business Trust*, 2006 WL 3191182, *2 (N.D. Ga. 2006) (*citing Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "Removal is proper if [it] is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.   See also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002), (holding that the defendants met their burden of showing that the amount in controversy was satisfied where the complaint sought damages exceeding $75,000 and it did not appear to a legal certainty that the plaintiff could not recover the amount claimed).

12.    Plaintiffs' Complaint demands judgment in the sum of $80,000 for damages; thus, it is facially apparent from the Complaint that the amount in controversy is satisfied in this case.

## JURISDICTIONAL REQUIREMENTS

13.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

---

[1] The fact that Plaintiff has sued fictitious Defendants is irrelevant to the question of diversity. *See* 28 U.S.C. §1441(a).

14.    Norcold has not previously removed this action, and has heretofore sought no similar relief.

15.    Norcold reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

16.    Norcold hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d).  Norcold has also filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Lowndes County, Alabama, as provided by law.

_____
Jennifer M. Busby (BUS009)
Attorneys for Defendant
NORCOLD, INC.
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: gbusby@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2007, a true and correct copy of the above and foregoing document was served via United States Mail, first-class postage prepaid, to the following:

William P. Sawyer
428 South Lawrence Street
P.O. Box 98
Montgomery, Alabama 36101

_____
Jennifer M. Busby

**WILLIAM P. SAWYER**
ATTORNEY AT LAW
428 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 262-2756
FAX: (334) 262-2759

MAILING ADDRESS:
POST OFFICE BOX 98
36101-0098

April 17, 2007

Ms. Ruby Jones, Clerk
Lowndes County Courthouse
P.O. Box 876
Hayneville, AL  36040

Re:  Plaintiff:    State Farm Mutual Auto Insurance Company and
                   Daniel J. Roach
     Case No:      CV-2007- 29
     Defendant:    Norcold, Inc.

Dear Ms. Jones:

Enclosed is my check in the amount of $416.00. Please file the enclosed Summons and
Complaint.

Sincerely,

William P. Sawyer

WPS/bw



**EXHIBIT**

_A_

## IN THE CIRCUIT COURT OF
## LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY and DANIEL J. ROACH, Plaintiff, vs. NORCOLD, INC. A, B, and C fictitious defendants, intending to name those persons, firms or corporations which sold, manufactured and/or installed the refrigerator and its hoses, pipes and connectors; D, E and F, intending to name those persons, firms or corporations which manufactured, sold or placed in the stream of commerce the travel trailer made the basis of this lawsuit, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.:  CV-2007- 29

### SUMMONS

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the Complaint in this action upon the Defendant:

NOTICE TO:  **NORCOLD, INC.**
600 S. Kuther Road
Sidnet, OH 45365

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to file the original of your written answer, whether admitting or denying each allegation in the Complaint with the Clerk of this Court, a copy of your answer must be mailed or hand delivered by you or your attorney to the Plaintiff or Plaintiff's Attorney.

**William P. Sawyer, Esquire**
Attorney at Law
Post Office Box 98
428 South Lawrence Street
Montgomery, Alabama 36104

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF SOUGHT IN THE COMPLAINT.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATE: 4|19|07

_____
CLERK/REGISTER

### RETURN ON SERVICE

_____ Return receipt of certified mail received in this office on _____.
_____ I, _____ hereby certify that service of this Summons and the attached Complaint has been perfected by personal service upon _____ on this ___ day of _____, 2007.

_____
Server's Signature

_____
Address of Server

_____
Type of Process Server

IN THE CIRCUIT COURT OF
LOWNDES COUNTY, ALABAMA

STATE FARM MUTUAL AUTO     )
INSURANCE COMPANY and     )
DANIEL J. ROACH,     )
        Plaintiff,     )
                     )
vs.     )     Case No.:  CV-2007- *29*
                     )
NORCOLD, INC. A, B, and C fictitious     )
defendants, intending to name those persons,)
firms or corporations which sold,     )
manufactured and/or installed the     )
refrigerator and its hoses, pipes and     )
connectors; D, E and F, intending to name     )
those persons, firms or corporations which     )
manufactured, sold or placed in the stream     )
of commerce the travel trailer made the     )
basis of this lawsuit,     )
        Defendant.     )

APR 2007
RECEIVED
RUBY JONES
CIRCUIT CLERK
LOWNDES COUNTY

## COMPLAINT

## PARTIES

1.    State Farm Mutual Auto Insurance Company is licensed to do business in Alabama.

2.    Norcold, Inc. is an Ohio corporation which sells travel trailers.

## FACTS

1.    State Farm issued a policy of insurance to Daniel J. Roach on a 2004 Medallion 36-foot, fifth-wheel travel trailer.

2.    The travel trailer was manufactured and assembled by Norcold, Inc.  Said trailer was the subject of a recall for the refrigerator to be inspected for gas leaks.

3.    Daniel J. Roach took the trailer to the selling dealer for inspection and he was told everything was fine.

4.    On or about November 13, 2005, a fire started in or near the refrigerator and the trailer was a total loss.

5.    Pursuant to the terms of their insurance contract, State Farm Mutual Auto Insurance Company paid its insured, Daniel J. Roach, $80,000.00 and is subrogated for the amount they paid.

## COUNT I
(Breach of warranty-express and implied)

6.  Plaintiffs incorporate by reference paragraph 1-5.
7.  Defendant Norcold, Inc. issued an express warranty on the travel trailer.
8.  Norcold, Inc. impliedly warrantied the travel trailer.
9.  The manufacturer Norcold, Inc. breached all expressed and implied warranties in that the travel trailer did not meet the expectation of the buyer, was not fit for the purpose intended and the warranties failed of its essential purposes in that the trailer caught fire and burned.

WHEREFORE, plaintiff demands judgment in the sum of $80,000.00 for damages plus cost.

## COUNT II
(Breach of contract)

Plaintiffs incorporate by reference paragraph 1-9 and further allege:

10.  Defendants had a duty to properly install the refrigerator so as not to allow a fire.
11.  Defendant breached the contract to repair or replace the refrigerator so as to prevent a fire.

WHEREFORE, plaintiff demands judgment in the sum of $80,000.00 for damages plus cost.

## COUNT III
(Negligence)

12.  Plaintiffs incorporate by reference paragraph 1-11.
13.  Plaintiffs negligently installed the refrigerator in question and negligently failed to repair or replace the refrigerator.

WHEREFORE, plaintiff demands judgment in the sum of $80,000.00 for damages plus cost.

William P. Sawyer - SAW003
Attorney for Plaintiff
428 South Lawrence Street
Post Office Box 98
Montgomery, Alabama 36101
Telephone:    334-262-2756
Facsimile:    334-262-2759

**Postal Service**
**:TIFIED MAIL RECEIPT**
*stic Mail Only; No Insurance Coverage Prov*

For delivery information visit our website at www.usps.com

O F F **CV07A29** U S E

| | | |
|---|---|---|
| Postage | $ | .39 |
| Certified Fee | | 2.40 |
| Return Reciept Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

Postmark
Here

Sent To
Norcold, Inc.

Street, Apt. No.;
or PO Box No.    600 S. Kuther Rd.

City, State, ZIP+4    Sidnet, OH 45365

PS Fo                                        verse for instructions

2222 3710 0247 7000 0940 1110 7004

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Norcold, Inc.
600 S. Kuther Rd.
Sidnet, PH  45365

(CV 07-29)

7004 1160 0001 1420 3772
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery
R. Sieenrock                        4/23/07

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes