IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY and DANIEL J. ROACH,<br><br>Plaintiffs,<br><br>v.<br><br>NORCOLD, INC. A, B, and C fictitious defendants, intending to name those firms or corporations which sold, manufactured and/or installed the refrigerator and its hoses, pipes and connectors; D, E and F, intending to name those persons, firms or corporations which manufactured, sold or placed in the stream of commerce the travel trailer made the basis of this lawsuit.,<br><br>Defendants. | CIVIL ACTION NO. 2:07-cv-00454-ID-TFM |

## DEFENDANT NORCOLD, INC.'S MOTION TO DISMISS COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Norcold, Inc., by and through undersigned counsel, hereby moves to dismiss Plaintiffs' claims for breach of express and implied warranties, breach of contract and negligence for failure to state a claim upon which relief can be granted. In support this motion, Norcold states as follows:

### I. INTRODUCTION

Plaintiffs State Farm Mutual Auto Insurance Company and Daniel J. Roach filed a Complaint in the Circuit Court in Lowndes County, Alabama on April 19, 2007. (*See* Complaint, *State Farm Mutual Auto Insurance Co., Daniel J. Roach v. Norcold, Inc.*, CV-2007-29). Norcold was served with the Complaint on April 23, 2007 and timely and properly removed the case to the Middle District of Alabama, Northern Division on May 21, 2007.

- 1 -

1570640 v1

State Farm brought this subrogation action seeking to recover $80,000 allegedly paid to its insured Daniel J. Roach for property damage allegedly caused as a result of a fire in his travel trailer. *See* Complaint at 5. The Complaint alleges that the fire started in or near the refrigerator. *Id.* at ¶4. All of the allegations in the Complaint are directed at the manufacturer of the travel trailer, however, Norcold is not the manufacturer of the travel trailer. Rather, Norcold is the manufacturer of the refrigerator allegedly installed in Mr. Roach's travel trailer. Although this fact is not contained within the Complaint, Plaintiffs could have easily determined that Norcold was not the manufacturer of the travel trailer by looking at the documents relating to the purchase of the travel trailer, which should have been attached to the Complaint because of their claim for breach of contract. As such, Norcold requests that the Court consider this fact in ruling on its motion to dismiss Plaintiffs' Complaint. Plaintiffs assert claims for breach of express and implied warranties, breach of contract and negligence. Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II. ARGUMENT

Plaintiffs' Complaint is due to be dismissed under to Federal Rule of Civil Procedure 12(b)(6) because "it is clear that no relief could be granted under any set of facts that could be proved consistent" with the allegations in the Complaint. *See Davis v. Phenix City*, 2006 WL 2374790, *1 (M.D. Ala. 2006) *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). A complaint "must do more than merely state legal conclusions." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 *(citing Wagner v. Daewoo Heavy Industries Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc). Here, Plaintiffs' Complaint is due to be dismissed because it fails to state any claim against Norcold and specifically fails to state a claim for breach of express and implied warranties, breach of contract and negligence.

1570640 v1

### A. Norcold Is Not The Manufacturer Of The Travel Trailer.

All of the allegations in the Complaint are directed at the manufacturer and seller of the travel trailer purchased by Mr. Roach. Plaintiffs' Complaint allege that the "travel trailer was manufactured and assembled by Norcold" and that the subject "trailer was the subject of a recall for the refrigerator to be inspected for gas leaks." *See* Complaint at ¶2. However, the Complaint names the wrong party as is reflected in these allegations. Norcold did not manufacturer or assemble the subject travel trailer, rather it is the manufacturer of the refrigerator allegedly installed in the travel trailer owned by Mr. Roach. It is clear from the allegations in the Complaint that Plaintiffs intended to sue the manufacturer of the travel trailer, not Norcold. Plaintiffs have named the wrong party and the claims against Norcold should be dismissed. Moreover, Plaintiffs' Complaint should be dismissed because it fails to state claims for breach of express and implied warranties, breach of contract and negligence against Norcold.

### B. Breach of Express and Implied Warranties.

Count One of the Complaint alleges breach of express and implied warranties. Count One should be dismissed because the Complaint fails to allege that Norcold issued an express or an implied warranty on the refrigerator allegedly installed in the travel trailer.

#### 1. Plaintiffs Failed To Allege An Express Warranty.

Count One alleges breach of an express warranty. The Complaint alleges that Norcold "issued an express warranty on the travel trailer." *See* Complaint at ¶7. No such warranty is attached. Norcold did not manufacture or sell the travel trailer to Mr. Roach. Norcold is a manufacturer of refrigerators. Plaintiffs' claim for breach of an express warranty should be dismissed for failure to allege that Norcold issued an express warranty on the refrigerator and that Norcold breached any such warranty.

### 2. Plaintiffs' Claim For Breach of Implied Warranties Should Be Dismissed For Lack Of Privity.

Count One also alleges breach of implied warranties, however, the Complaint fails to specify the implied warranties that Norcold allegedly breached. There are two implied warranties arguably applicable to this case: the implied warranty of fitness for a particular purpose and the implied warranty of merchantability. To establish a claim for breach of an implied warranty under Alabama law, a plaintiff must prove three elements: (1) the existence of the implied warranty; (2) a breach of that warranty; and (3) damages proximately resulting from that breach. *Rose v. General Motors Corp.*, 323 F. Supp. 2d 1244 (N.D. Ala. 2004). Here, Plaintiffs fail to state facts sufficient to show the existence of these implied warranties. Specifically, Plaintiffs fail to state any facts showing privity of contract between Mr. Roach and Norcold.

#### a. Implied Warranty of Merchantability.

Plaintiffs fail to state a cause of action for breach of implied warranty of merchantability because Plaintiffs fail to allege privity of contract with Norcold. The implied warranty of merchantability is set forth in Alabama Code 1975, § 7-2-314, which provides in pertinent part as follows:

> (1) Unless excluded or modified (Section 7-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the *seller* is a merchant with respect to goods of that kind.

ALA. CODE § 7-2-314 (1975) (emphasis added). In *State Farm Fire & Casualty Co., v. J.B. Plastics, Inc.*, 505 So.2d 1223, 1227 (Ala. 1987), the Alabama Supreme Court held that the plaintiff's claim for breach of implied warranty of merchantability failed to state a claim for which relief may be granted because there was no privity between the plaintiff and the manufacturer. Although Alabama has abolished privity requirements in actions involving

personal injuries, "the privity requirements still remain in cases of strictly economic injury." *Id.* *See also Ex parte General Motors Corp.,* 769 So.2d 903, 910 (Ala. 1999) (stating that implied warranties are only applicable to sellers, not manufacturers).

In the present case, the Complaint alleges that Norcold manufactured and assembled the subject travel trailer. *See* Complaint at ¶2. Plaintiffs do not allege that Norcold sold the subject travel trailer to Mr. Roach. Nor, do Plaintiffs attach any contract between Mr. Roach and Norcold. As such, Plaintiffs fail to allege privity of contract between Norcold and Mr. Roach. Thus, Plaintiffs' claim for breach of implied warranty of merchantability should be dismissed for failure to allege facts sufficient to create an implied warranty of merchantability.

### b.    Implied Warranty of Fitness For a Particular Purpose.

Similarly, Plaintiffs fail to state a cause of action for breach of implied warranty of fitness for a particular purpose because Plaintiffs are not in privity of contract with Norcold. The implied warranty of fitness for a particular purpose is set forth in Section 7-2-315 of the Alabama Code. Alabama Code § 7-2-315 provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the *seller's* skill or judgment to select or furnish suitable goods, there is unless excluded or modified under Section 7-2-316 an implied warranty that the goods shall be fit for such purpose.

ALA. CODE § 7-2-315 (1975) (emphasis added). In *Bryant v. Southern Energy Homes, Inc.,* 682 So.2d 3 (Ala. 1996), the Alabama Supreme Court stated that there is no cause of action against the manufacturer for direct economic loss unless there is privity of contract between the manufacturer and the purchaser. *See Ex parte General Motors Corp.,* 769 So.2d 903, 910 (Ala. 1999) (stating that implied warranties are only applicable to sellers, not manufacturers). Here, Plaintiffs have failed to allege privity of contract between Norcold and Mr. Roach. Thus,

Plaintiffs' claim for breach of implied warranty of fitness for a particular purpose should be dismissed for failure to allege the existence of an implied warranty.

In conclusion, Count One should be dismissed.

### C. Count Two Should Be Dismissed Because Plaintiffs Fail To Allege A Contract Between Mr. Roach And Norcold.

Count Two of the Complaint alleges breach of contract. The elements of a breach of contract claim are: (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages. *Reynolds Metals Co. v. Hill,* 825 So.2d 100 (Ala. 2002). Plaintiffs have failed to allege the existence of a valid contract binding on Norcold and Mr. Roach. Nor, has Plaintiff provided a copy of contract between Norcold and Mr. Roach to the Court. As such, Plaintiffs' claim for breach of contract should be dismissed for failure to allege an essential element of the claim.

### D. Plaintiffs' Claim For Negligence Should Be Dismissed.

Count Three of the Complaint alleges that Norcold "negligently installed the refrigerator in question and negligently failed to repair or replace the refrigerator." *See* Complaint at ¶ 13. To state a cause of action for negligence, the plaintiff must allege: (1) that the defendant owes the plaintiff a duty; (2) that the defendant breached that duty; and (3) that the breach proximately caused the plaintiff to be injured. *Franklin v. City of Athens, et al.,* 938 So.2d 950 (Ala. Civ. App. 2005). Plaintiffs' negligence claim should be dismissed because the Complaint fails to allege that Norcold owed a duty to Plaintiffs, that Norcold breached that duty and that the breach caused Plaintiffs to be injured. Norcold is a manufacturer of refrigerators. Norcold did not manufacture the travel trailer at issue in this case, nor did Norcold install the refrigerator at issue. Additionally, Mr. Roach never requested Norcold to repair or replace the refrigerator allegedly installed in the travel trailer. Rather, Mr. Roach asked the dealer from whom he purchased the

travel trailer to inspect the refrigerator. As such, Plaintiffs' claim for negligence should be dismissed.

### III. OTHER DEFENSES ASSERTED PURSUANT TO RULE 12(b).

Pursuant to Federal Rule of Civil Procedure 12(b) and 12(h)(1), Norcold asserts the following defenses:

1. This action should be dismissed for lack of personal jurisdiction over Norcold;

2. This action should be dismissed for improper venue;

3. This action should be dismissed for insufficiency of process;

4. This action should be dismissed for insufficiency of service of process;

5. This action should be dismissed for failure to join a party under Rule 19.

### IV. CONCLUSION

WHEREFORE, Defendant Norcold, Inc. respectfully requests the Court to dismiss Plaintiffs' claims for breach of express and implied warranties, breach of contract and negligence.

/s/ Jennifer M. Busby
Jennifer M. Busby (BUS009)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendants
NORCOLD, INC.

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2007, a true and correct copy of the above and foregoing document was served via United States Mail, first-class postage prepaid, to the following:

William P. Sawyer
428 South Lawrence Street
P.O. Box 98
Montgomery, Alabama 36101

*Jennifer M. Busby*
Jennifer M. Busby

- 8 -

1570640 v1