**IN THE UNITED STATES DISTRICT COURT OF ALABAMA**
**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| STATE FARM MUTUAL AUTO ) <br> INSURANCE COMPANY as subrogee of ) <br> DANIEL ROACH, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORCOLD, INC., ) <br> ) <br> ) <br>     Defendants. ) | Case No.: 2:07cv454-ID |

## PLAINTIFF'S AMENDED COMPLAINT

Comes now the Plaintiff and amends their complaint in accordance with the Court's order (Document 10) and in compliance with the Middle District of Alabama's Local Rule 15.1:

### FACTS

1. State Farm Fire & Casualty Company is an insurance company licensed to do business in the State of Alabama.
2. State Farm insured a travel trailer (a 2004 Medallion 365K fifth-wheel, serial number 4K03115274E141989) owned by Daniel J. Roach.
3. The defendant Norcold, Inc. is a corporation based in Sidnet, Ohio.
4. The defendant manufactures, sells and places in the stream of commerce refrigerators to be used in travel trailers.
5. The amount in controversy exceeds $75,000.00
6. This Court has jurisdiction over the subject matter and parties of this case.
7. On or about November 13, 2005, the travel trailer caught fire and burned; rendering it a total loss.
8. State Farm paid its insured Daniel J. Roach for the total loss on the travel trailer and is subrogated for the amount said.

### COUNT I

9. The defendant, Norcold, Inc. negligently caused or allowed the refrigerator, gas regluator and gas supply hose to be manufactured, assembled, installed and placed in the stream of commerce and which was unreasonably dangerous to the plaintiff's insured. The negligence proximately caused the travel trailer to burn.

WHEREFORE, Plaintiff demands judgment in the sum of $80,000.00 and cost.

## COUNT II
## ALABAMA EXTENDED MANUFACTURES LIABILITY DOCTRINE

10. The defendant, Norcold, Inc. manufactured, assembled and sold the defective refrigerator, gas regulator and gas hose which was ultimately installed in the travel trailer purchased by Daniel J. Roach. The refrigerator and its component parts were defective and the defendant knew that these products would be used by the purchaser of the trailer.

The proximate cause of plaintiff's damages was the defective refrigerator and its component parts.

WHEREFORE, plaintiff demands judgment in the sum of $80,000.00 and cost.

## COUNT III
## BREACH OF IMPLIED WARRANTY

11. The defendant, Norcold, Inc. breached its implied warranty of fitness for a particular purpose in that they knew their refrigerator and its component parts end use would be in a travel trailer, that the purchaser of the travel trailer would rely upon the manufacturer to provide a reasonably safe product and that the purchaser did rely on the manufacturer.

WHEREFORE, plaintiff demands judgment in the sum of $80,000.00 and cost.

## COUNT IV

## BREACHED OF EXPRESSED WARRANTY

12. Plaintiff incorporates by reference all allegations set our above and further alleges that the defendant, Norcold, Inc. breached express warranties on the refrigerator made the basis of this lawsuit.

/s/ William P. Sawyer
William P. Sawyer - SAW003
Attorney for Plaintiff State Farm Mutual
Auto Insurance aso Daniel Roach

## CERTIFICATE OF SERVICE

I do hereby certify that on June 13, 2007 I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer M. Busby, Esq.
Burr & Forman, LLP
420 N. 20th Street, Ste 3400
Birmingham, AL 35203

/s/ William P. Sawyer
OF COUNSEL