## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

STATE FARM MUTUAL AUTO INSURANCE )
COMPANY as subrogee of DANIEL J. ROACH, )
                              )
            **Plaintiffs,**        )
                              )
**v.**                                   )    **CIVIL ACTION NO. 2:07cv454-ID**
                              )
**NORCOLD, INC.,**                   )
                              )
            **Defendants.**       )
                              )

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on **June 22, 2007**

and was attended by William Sawyer, Esq. for plaintiff State Farm Mutual Auto Insurance

Company and Ginger Busby, Esq. for defendant Norcold, Inc.

    1.     **Pre-Discovery Disclosures.**     The parties will exchange by **July 3, 2007**

information required by Federal Rule of Civil Procedure 26(a)(1).

    2.     **Discovery Plan.** The parties jointly propose to the court the following discovery

plan:

Without waiver of objections, discovery will be needed on the following subjects:

plaintiff's claims and all other allegations in plaintiff's amended complaint and matters incidental

thereto; defendant's defenses and matters incidental thereto; plaintiff's damages, defenses thereto,

and mitigation thereof.

Disclosure or discovery of electronically stored information should be handled as

follows:  The parties will take reasonable measures to preserve relevant electronic information.

Specifically, the defendant will preserve documents regarding the incident alleged in the amended complaint. Other information will be preserved in accordance with the defendant's document retention plan. Any electronic information produced will be produced in hard copy, unless otherwise agreed.

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: Disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.

All discovery will be commenced in time to be completed by **June 13, 2008**.

A maximum of **30** interrogatories, including sub-parts, by each party to any other party. Responses are due 30 days after service.

A maximum of **30** requests for admission by each party to any other party. Responses are due 30 days after service.

A maximum of **30** requests for production by each party to another party. Responses are due 30 days after service.

A maximum of **7** depositions by each party. Each deposition is limited to a maximum of **7** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due from plaintiff by **March 21, 2008,** and from defendant by **April 21, 2008.**

Supplementations under Rule 26(e) are due at least 30 days prior to close of discovery.

3.    **Other Items**.

The parties do not request a conference with the court before entry of the scheduling order.

The parties do request a pretrial conference thirty (30) days prior to trial.

Plaintiff should be allowed until **August 21, 2007** to join additional parties and amend pleadings.

Defendant should be allowed until **September 20, 2007** to join additional parties and amend the pleadings.

All potentially dispositive motions should be filed ninety (90) days prior to the pretrial conference.

Settlement and participation in an Alternative Dispute Resolution Plan cannot be evaluated until completion of some discovery.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due forty (40) days prior to trial.  Parties should have fifteen (15) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by **October 20, 2008** and at this time is expected to take approximately **5 days**.

_____/s/ William P. Sawyer_____
William P. Sawyer
Attorney for Plaintiff
State Farm Mutual Auto Insurance
Company

428 South Lawrence Street
P.O. Box 98
Montgomery, Alabama 36101

_____/s/ Jennifer M. Busby_____
Jennifer M. Busby
Attorneys for Defendants
NORCOLD, INC.

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100