IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY and DANIEL J. ROACH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:07-cv-00454-ID-TFM ) ) |
| NORCOLD, INC., | ) ) ) |
| Defendants. | ) |

### DEFENDANT NORCOLD, INC.'S MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFFS' AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Norcold, Inc., by and through undersigned counsel, hereby moves to dismiss Plaintiffs' claims for breach of express warranty and breach of implied warranty of fitness for a particular purpose for failure to state a claim upon which relief can be granted. In support this motion, Norcold states as follows:

### I. INTRODUCTION

On May 24, 2007, Norcold moved to dismiss Plaintiffs' claims for breach of express warranty, breach of implied warranties, breach of contract and negligence on the basis that Plaintiffs failed to state a claim upon which relief can be granted. After this Court entered an Order for Plaintiffs to show cause why the motion to dismiss should not be granted, Plaintiffs moved for leave to file an Amended Complaint. Plaintiffs' Amended Complaint again alleges breach of express warranty and breach of implied warranty of fitness for a particular purpose but Plaintiffs still fail to state a claim upon which relief can be granted.

State Farm brought this subrogation action seeking to recover $80,000 allegedly paid to its insured, Daniel J. Roach, for property damage allegedly caused as a result of a fire in his

travel trailer. *See* Amended Complaint at ¶¶ 7-8. Plaintiffs allege that the fire was caused by the refrigerator installed in Mr. Roach's travel trailer, which was allegedly manufactured by Norcold. *Id.* at ¶¶ 9, 10. Plaintiffs' Amended Complaint assert claims for negligence, breach of express warranty, breach of implied warranty of fitness for a particular purpose and claims under the Alabama Extended Manufacturer's Liability Doctrine. Plaintiffs' claims for breach of express warranty and breach of implied warranty of fitness for a particular purpose should be dismissed for failure to state a claim upon which relief can be granted.

## II. ARGUMENT

Plaintiffs' Amended Complaint is due to be dismissed under to Federal Rule of Civil Procedure 12(b)(6) because "it is clear that no relief could be granted under any set of facts that could be proved consistent" with the allegations in the Amended Complaint. *See Davis v. Phenix City,* 2006 WL 2374790, *1 (M.D. Ala. 2006) *(citing Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). A complaint "must do more than merely state legal conclusions." *Jackson v. Bellsouth Telecomms.,* 372 F.3d 1250, 1262-63 *(citing Wagner v. Daewoo Heavy Industries Am. Corp.,* 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc). Here, Plaintiffs' claims for breach of express and breach of implied warranty of fitness for a particular purpose are due to be dismissed for failure to state a claim against Norcold.

### A.   Breach of Implied Warranty of Fitness For a Particular Purpose.

Count Three alleges breach of implied warranty of fitness for a particular purpose. To establish a claim for breach of an implied warranty under Alabama law, a plaintiff must prove three elements: (1) the existence of the implied warranty; (2) a breach of that warranty; and (3) damages proximately resulting from that breach. *Rose v. General Motors Corp.,* 323 F. Supp. 2d 1244 (N.D. Ala. 2004). Here, Plaintiffs fail to state facts sufficient to show the existence of an

implied warranty of fitness for a particular purpose. Specifically, Plaintiffs fail to state any facts showing privity of contract between Mr. Roach and Norcold.

The implied warranty of fitness for a particular purpose is set forth in Section 7-2-315 of the Alabama Code. Alabama Code § 7-2-315 provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the *seller's* skill or judgment to select or furnish suitable goods, there is unless excluded or modified under Section 7-2-316 an implied warranty that the goods shall be fit for such purpose.

ALA. CODE § 7-2-315 (1975) (emphasis added). In *Bryant v. Southern Energy Homes, Inc.*, 682 So.2d 3 (Ala. 1996), the Alabama Supreme Court stated that there is no cause of action against the ***manufacturer*** for direct economic loss unless there is privity of contract between the manufacturer and the purchaser. *See also Ex parte General Motors Corp.*, 769 So.2d 903, 910 (Ala. 1999) (stating that implied warranties are only applicable to sellers, not manufacturers). Here, Plaintiffs have failed to allege privity of contract between Norcold, allegedly the manufacturer of the subject refrigerator, and Mr. Roach. Thus, Plaintiffs' claim for breach of implied warranty of fitness for a particular purpose should be dismissed for failure to allege the existence of an implied warranty.

### B. Breach of Express Warranty.

Count Four alleges breach of an express warranty. The Amended Complaint alleges that Norcold "breached express warranties on the refrigerator made the basis of this lawsuit." *See* Amended Complaint at ¶12. No such express warranty is attached to the Amended Complaint. Thus, Plaintiffs' claim for breach of an express warranty should be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

WHEREFORE, Defendant Norcold, Inc. respectfully requests the Court to dismiss Plaintiffs' claims for breach of express warranty and breach of implied warranty of fitness for a particular purpose.

/s/ Jennifer M. Busby
Jennifer M. Busby (BUS009)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendants
NORCOLD, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2007, the foregoing was filed electronically with the Clerk of the United States District Court for the Middle District of Alabama using the CM/ECF system, which will send notification of such filing to all counsel of record:

William P. Sawyer
428 South Lawrence Street
P.O. Box 98
Montgomery, Alabama 36101

/s/ Jennifer M. Busby
Jennifer M. Busby

1579685 v1