IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY as subrogee of DANIEL J. ROACH, <br><br> Plaintiffs, <br><br> v. <br><br> NORCOLD, INC. <br><br> Defendant. | ) ) ) ) ) ) ) CIVIL ACTION NO. 2:07cv454-ID ) ) ) ) ) |

## NORCOLD, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Norcold, Inc. ("Norcold"), by and through undersigned counsel, hereby files its answer to the Amended Complaint filed by Plaintiffs State Farm Mutual Auto Insurance Company and Daniel J. Roach ("Plaintiffs"). For its response to the specifically-enumerated paragraphs of Plaintiffs' Amended Complaint, Norcold states as follows:

### FIRST DEFENSE

### FACTS

1.  Norcold denies, for lack of knowledge and information sufficient to form a belief at this time, the allegations in paragraph 1 of the Amended Complaint.

2.  Norcold denies, for lack of knowledge and information sufficient to form a belief at this time, the allegations in paragraph 2 of the Amended Complaint.

3.  Norcold admits that its principle place of business is in Ohio. Norcold denies all remaining allegations contained in paragraph 3 of the Amended Complaint.

4.  Norcold admits that it manufactures refrigerators to be installed in travel trailers. Norcold denies all remaining allegations contained in paragraph 4 of the Amended Complaint.

5. Admitted.

6. Norcold admits this Court has jurisdiction over the subject matter and denies all remaining allegations contained in paragraph 6 of the Amended Complaint.

7. Upon information and belief, Norcold admits that there was a fire in the trailer on or about November 13, 2005. Norcold denies all remaining allegations contained in paragraph 7 of the Amended Complaint.

8. Norcold denies the allegations contained in paragraph 8 of the Amended Complaint.

## COUNT I

9. Norcold denies the allegations contained in paragraph 9 of the Amended Complaint.

In response to the prayer for relief following paragraph 9 of the Amended Complaint, Norcold denies that Plaintiffs are entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT II
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

10. Norcold denies the allegations contained in paragraph 10 of the Amended Complaint.

In response to the prayer for relief following paragraph 10 of the Amended Complaint, Norcold denies that Plaintiffs are entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof

## COUNT III
## BREACH OF IMPLIED WARRANTY

Plaintiffs fail to state a claim for breach of implied warranty upon which relief can be granted; thus, Norcold moved to dismiss Count III of the Amended Complaint.

In response to the prayer for relief following paragraph 11 of the Amended Complaint, Norcold denies that Plaintiffs are entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT IV
## BREACH OF EXPRESS WARRANTY

Plaintiffs fail to state a claim for breach of express warranty upon which relief can be granted; thus, Norcold moved to dismiss Count IV of the Amended Complaint.

## SECOND DEFENSE

Plaintiffs' Amended Complaint fails to state a cause of action against Norcold upon which relief can be granted.

## THIRD DEFENSE

The product that is the alleged subject of this lawsuit is not defective.

## FOURTH DEFENSE

The product that is the alleged subject of this lawsuit is not unreasonably dangerous.

## FIFTH DEFENSE

To the extent that the product that is the alleged subject of this lawsuit was designed or manufactured by Norcold, it was not defectively designed and/or manufactured.

## SIXTH DEFENSE

Norcold denies that the product that is the alleged subject of this lawsuit was defective or unreasonably dangerous, but if it was, the Plaintiffs knew of any alleged defect, were aware of any danger in the use of the product, and any such defects or dangers were open and obvious; yet, even with such knowledge, Plaintiffs.

## SEVENTH DEFENSE

Norcold denies that it was in any way negligent in the design or manufacture of the refrigerator, and states that the refrigerator, as designed and manufactured, was not defective.

## EIGHTH DEFENSE

Norcold did not owe any duty of care to Plaintiffs.

## NINTH DEFENSE

Norcold did not breach any duty owed to Plaintiffs, and there is no causal relationship between any conduct by Norcold and Plaintiffs' alleged injuries.

## TENTH DEFENSE

Norcold pleads a lack of requisite standing on the part of Plaintiffs.

## ELEVENTH DEFENSE

Plaintiffs' warranty claims are barred by Plaintiffs' lack of privity with Norcold.

## TWELFTH DEFENSE

Plaintiffs' claims against Norcold are barred by the doctrine of waiver, estoppel and/or laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the superseding and intervening acts of third parties.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because the product was altered, changed, improperly maintained, or otherwise was not in the same condition in a manner such that Norcold is relieved of liability.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because the product was altered, changed, improperly maintained, or otherwise was not in the same condition in a manner such that Norcold is relieved of liability.

## SIXTEENTH DEFENSE

Norcold states that the refrigerator at issue was substantially changed before it reached Plaintiffs, and that any alleged defect is not attributable to Norcold.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of contributory negligence.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of comparative negligence.

## NINETEENTH DEFENSE

Plaintiffs had the last clear chance to avoid injury.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by Alabama's statute of repose and statute of limitations.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by assumption of the risk.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred by the doctrines of superseding and/or intervening cause.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because of misuse of the product at issue.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by federal and/or state preemption.

## TWENTY-FIFTH DEFENSE

Plaintiffs have failed to join parties who are needed for a just adjudication.

## TWENTY-SIXTH DEFENSE

Norcold affirmatively asserts that the damages alleged in the Amended Complaint are speculative.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiffs incurred any injuries or damages, such injuries or damages were caused by the intervening and superseding acts or omissions of third parties.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims for damages are barred because any damages suffered by Plaintiffs were not proximately caused by the acts or omissions of Norcold.

## TWENTY-NINTH DEFENSE

Norcold hereby asserts that the state of scientific knowledge and all materials related thereto at all times were such that Norcold neither knew nor could have known that any such product presented a significant risk of harm to Plaintiffs, if properly used.

## THIRTIETH DEFENSE

Norcold hereby asserts that the product in question was manufactured and placed on the market in full compliance with the then-existing state of scientific and technical knowledge available.

## THIRTY-FIRST DEFENSE

Norcold affirmatively asserts that the product in question was supplied, if at all, in compliance with federal or state statutes or administrative regulations existing at the time which

prescribed standards for design, inspection, testing, manufacturing, labeling, warning, and instructions for use of said product.

### THIRTY-SECOND DEFENSE

Norcold affirmatively asserts that Plaintiffs and/or Plaintiffs' agents, insurance carriers, or third parties owed a duty to properly and adequately preserve evidence relevant to the origin and cause of the fire. Norcold affirmatively asserts that Plaintiffs and/or Plaintiffs' agents, insurance carriers, or third parties breached said duties in that they are guilty of (i) failure to adequately and properly preserve all allegedly defective products involved herein, (ii) failure to provide Norcold with an adequate opportunity to inspect the scene of the fire so as to permit Norcold the opportunity to develop theories of alternative potential causes of the fire and to preserve evidence supporting alternative causes, and (iii) failure to reasonably, properly, and adequately preserve the evidence at the scene of the fire. The breaches set forth herein constitute, in whole or in part, spoliation of evidence, have resulted in unfair and undue prejudice to Norcold, and have materially prejudiced Norcold's ability to defend itself against Plaintiffs' claims in this action.

### THIRTY-THIRD DEFENSE

Norcold affirmatively asserts that, in the event the defendants are found liable herein, any recoveries against Norcold should be apportioned between various contributing entities. Norcold specifically denies that it was the proximate cause of any alleged injury suffered by Plaintiffs.

### THIRTY-FOURTH DEFENSE

Norcold never expressly or impliedly agreed to assume liability for any defective products manufactured by any other entity that may or may not be named in this action.

### THIRTY-FIFTH DEFENSE

Norcold affirmatively asserts that the manufacturer and/or supplier of the fuel source for the refrigerator in question produced and supplied an ultra-hazardous product and placed it into the stream of commerce and, as such, is a responsible party under comparative fault principles. The jury should be permitted to assess a percentage of fault herein.

### THIRTY-SIXTH DEFENSE

Plaintiffs failed to exercise ordinary care to avoid injury.

### THIRTY-SEVENTH DEFENSE

Norcold provided all warnings that it owed any duty to provide.

### THIRTY-EIGHTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### THIRTY-NINTH DEFENSE

Plaintiffs failed to properly maintain, or repair the product that is the alleged subject of this lawsuit.

### FORTIETH DEFENSE

Plaintiffs' petition is barred in whole or in part because Norcold provided adequate warnings, installation instructions, and use and care instructions for its product.

### FORTY-FIRST DEFENSE

To the extent that Plaintiffs have received collateral source benefits in full or partial payments of the damages sought in this action, Norcold is entitled to a set off of any recovery against Norcold to the extent of all such benefits paid, or payable to, or on behalf of, Plaintiffs, from any collateral source.

## FORTY-SECOND DEFENSE

Plaintiffs possessed specialized knowledge with respect to the product that is the alleged subject of this lawsuit.

## FORTY-THIRD DEFENSE

Norcold reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Amended Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, having fully answered, Defendant Norcold prays that Plaintiffs take nothing on their petition and that defendant herein have all of the relief to which it shows itself to be justly entitled, including its costs and a reasonable attorney's fee.


/s/ Jennifer M. Busby
Jennifer M. Busby (BUS009)
Attorneys for Defendant, NORCOLD, INC.


**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2007, the foregoing was filed electronically with the Clerk of the United States District Court for the Middle District of Alabama using the CM/ECF system, which will send notification of such filing to all counsel of record:

William P. Sawyer
428 South Lawrence Street
P.O. Box 98
Montgomery, Alabama 36101

/s/ Jennifer M. Busby
Jennifer M. Busby