**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **STATE FARM MUTUAL AUTO INSURANCE, et al.,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No.: 2:07-cv-454-ID |
| **NORCOLD, INC., et al.,** ) ) ) | |
| **Defendants.** ) | |

**MOTION TO INTERVENE AS A PLAINTIFF AS OF RIGHT OR, IN THE
ALTERNATIVE, FOR LEAVE TO INTERVENE AS A PLAINTIFF**

COMES NOW the Plaintiff, Allstate Insurance Company, as subrogee of its Insured, Marilyn S. Roach, by and through the undersigned attorney of record, and moves to intervene in the above-entitled action as a Plaintiff as of right under Rule 24(a)(2) or, in the alternative, for leave to intervene as a Plaintiff in this action under Rule 24(b)(2) of the Federal Rules of Civil Procedure, to assert claims set forth in the contemporaneously filed Complaint in Intervention. In support thereof, Plaintiff/Intervenor Allstate states as follows:

1. The above-entitled case, having originally been filed in the Circuit Court of Lowndes County, Alabama, has been removed to this Court by the Defendants. (Doc. 1.)

2. The Plaintiff/Intervenor asserts that it has a subrogation interest arising from the money it paid as a result of a claim filed by Marilyn S. Roach, the wife of Plaintiff Daniel J. Roach.

3. Said claim was based upon damage to the contents of the recreational vehicle that was destroyed in the fire alleged in the Plaintiffs' original Complaint in this matter.

4. Furthermore, disposition of this action may impair or impede Plaintiff/Intervenor's ability to protect this interest in that said interests are not adequately represented by the existing parties.

5. In the alternative, Plaintiff/Intervenor has a common claim with Plaintiff against Defendants. Said common claim arises from Plaintiff/Intervenor's status as a subrogee of Ms. Roach.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Intervenor Allstate Insurance Company requests that this Court allow it to intervene as a party Plaintiff in this matter.

Respectfully submitted, this 3rd day of October, 2007.

                                         **s/Gary L. Willford, Jr.**
                                         GARY L. WILLFORD, JR. – Bar No. WIL198
                                         Attorney for Allstate Insurance Company
                                         WEBB & ELEY, P.C.
                                         7475 Halcyon Pointe Road (36117)
                                         Post Office Box 240909
                                         Montgomery, Alabama  36124
                                         Telephone:  (334) 262-1850
                                         Fax:  (334) 262-1889
                                         E-mail:  gwillford@webbeley.com


**CERTIFICATE OF SERVICE**

I hereby certify that on this the **3rd day of October, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **William Sawyer, Esq. and Jennifer M. Busby, Esq.**

                                         **s/Gary L. Willford, Jr.**
                                         OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 2:07-cv-454-ID |
| NORCOLD, INC., et al., ) ) | |
| Defendants. ) | |

**COMPLAINT IN INTERVENTION**

COMES NOW Plaintiff, Allstate Insurance Company, as subrogee of its Insured, Marilyn S. Roach, and for its Complaint against the Defendants states as follows:

**PARTIES**

1.   Plaintiff Allstate Insurance Company (hereinafter "Allstate") is a stock company with its home office in Chicago, Illinois, and which does business in Alabama.

2.   Defendant Norcold, Inc. (hereinafter "Norcold") is a Delaware corporation with its principal place of business in the State of Ohio. Norcold has sufficient minimum contacts with Alabama and the prosecution of this action against said Defendant is not inconsistent with the constitution of Alabama or the Constitution of the United States. Said sufficient minimum contacts arise from Defendant Norcold's negligent manufacture, installation, and/or repair of a defective refrigerator and/or components thereof, and/or failure to warn of same, causing property damage in Alabama.

3. Plaintiff Allstate adopts and incorporates by reference the statement concerning the fictitious parties as pled in the original Plaintiffs' Complaint. With respect to the fictitious parties, Allstate further alleges that such Defendants are:

    a. business entities that are either:

        (1) Alabama corporations;

        (2) Unincorporated Alabama business entities; and/or

        (3) Foreign corporations and/or unincorporated business entities. The Court has jurisdiction over these defendants in that they have sufficient minimum contacts with Alabama and the prosecution of this action against said defendants is not inconsistent with the Constitution of Alabama or the Constitution of the United States. Said sufficient minimum contacts arise from Defendant Norcold's negligent manufacture, installation, and/or repair of a defective refrigerator and/or components thereof, and/or failure to warn of same, causing property damage in Alabama; or

    b. Individuals over the age of 19 whose presence in this action does not destroy the Court's diversity jurisdiction and whose actions caused property damage in Alabama.

**FACTS**

4. Plaintiff Daniel J. Roach, along with his wife, Marilyn S. Roach, were the owners of a 2004 Medallion travel trailer.

5. On or about November 13, 2005, the travel trailer and its contents were destroyed in a fire that occurred in Lowndes County, Alabama.

6. Included in the travel trailer was a refrigerator manufactured, installed, and/or repaired by Defendant Norcold and/or the fictitious Defendants.

7. Said refrigerator was negligently manufactured by Defendant Norcold such that it caused the aforementioned fire that destroyed the travel trailer and its contents.

8. At all times relevant to this Complaint, the contents of the Medallion travel trailer were insured by Plaintiff Allstate.

9. Ms. Roach filed a claim with Allstate, and Allstate paid $4,984.43 for the destruction of the contents of the travel trailer.

10. The aforementioned insurance policy gave Allstate a subrogation interest in any amount paid to its insured due to the fault of a third party.

### COUNT I
### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (All Defendants)

11. Plaintiff Allstate incorporates by reference its averments in paragraphs 1-10 of its Complaint as if the same were set forth herein in extenso.

12. Defendant Norcold sold the aforementioned refrigerator in a condition that was unsafe to Mr. and Mrs. Roach – the ultimate users of the product.

13. The fictitious Defendants sold the components of said refrigerator in a condition that was unsafe to Mr. and Mrs. Roach – the ultimate users of the product(s).

14. The Defendants were, at all times relevant to this Complaint, in the business of selling the aforementioned products that caused the property damage suffered by Plaintiff Allstate's insured.

15. Said products were expected by the Defendants to reach the ultimate consumer without substantial change in the condition in which they were sold. In fact, the aforementioned products reached Mr. and Mrs. Roach without substantial change in the condition in which they were sold by the Defendants.

16. As a proximate result, Mr. & Mrs. Roach sustained property damage to the contents of the travel trailer for which Plaintiff Allstate was contractually obligated to pay.

WHEREFORE, Plaintiff Allstate Insurance Company demands judgment against all Defendants, in the sum of $4,984.43, plus interest and costs of Court.

## COUNT II
### FAILURE TO WARN (All Defendants)

17. Plaintiff Allstate incorporates by reference its averments in paragraphs 1-10 of its Complaint as if the same were set forth herein in extenso.

18. Defendants had a duty to warn Mr. and Mrs. Roach that their products could fail and cause fire damage.

19. Defendants breached said duty.

20. As a proximate result, Mr. & Mrs. Roach sustained property damage to the contents of the travel trailer for which Plaintiff Allstate was contractually obligated to pay.

WHEREFORE, Plaintiff Allstate Insurance Company demands judgment against all Defendants, in the sum of $4,984.43, plus interest and costs of Court.

## COUNT III
### NEGLIGENCE (All Defendants)

21. Plaintiff Allstate incorporates by reference its averments in paragraphs 1-10 of its Complaint as if the same were set forth herein in extenso.

22. The Defendants owed a duty(ies) to Mr. & Mrs. Roach which included, *inter alia*,

    a. to manufacture the aforementioned refrigerator in a reasonable workmanlike manner;

    b. to manufacture the component parts of the refrigerator in a reasonable workmanlike manner;

  c. to install the refrigerator in a reasonable workmanlike manner; and/or

  d. to repair the refrigerator in a reasonable workmanlike manner.

23. Defendants breached one or more of said duties.

24. As a proximate result of the Defendants' breach of their duty(ies), Mr. and Mrs. Roach suffered property damage to the contents of their travel trailer for which Allstate was contractually obligated to pay.

WHEREFORE, Plaintiff Allstate Insurance Company demands judgment against all Defendants, in the sum of $4,984.43, plus interest and costs of Court.

Respectfully submitted, this 3rd day of October, 2007.

        **s/Gary L. Willford, Jr.**
        GARY L. WILLFORD, JR. – Bar No. WIL198
        Attorney for Allstate Insurance Company
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Road (36117)
        Post Office Box 240909
        Montgomery, Alabama  36124
        Telephone:  (334) 262-1850
        Fax:  (334) 262-1889
        E-mail:  gwillford@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **3rd day of October, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **William Sawyer, Esq. and Jennifer M. Busby, Esq.**

        **s/Gary L. Willford, Jr.**
        OF COUNSEL