**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

October 4, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   State Farm Mutual Automobile Insurance Company et al v. Norcold, Inc.

Case Number:   2:07-cv-00454-ID

**This Notice of Correction was filed in the referenced case this date to STRIKE the prematurely filed intervenor complaint. The PROPOSED intervenor complaint attachment has been added to Docket Entry 24.**

**The proposed intervenor complaint PDF document, which has been attached to Docket Entry 24 is attached to this notice for your review.  Parties are instructed to disregard Docket Entry 25 which has been STRICKEN, as leave has not yet been granted and it was prematurely filed on the docket.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No.: 2:07-cv-454-ID |
| NORCOLD, INC., et al., | ) ) ) |
| Defendants. | ) |

**COMPLAINT IN INTERVENTION**

COMES NOW Plaintiff, Allstate Insurance Company, as subrogee of its Insured, Marilyn S. Roach, and for its Complaint against the Defendants states as follows:

**PARTIES**

1. Plaintiff Allstate Insurance Company (hereinafter "Allstate") is a stock company with its home office in Chicago, Illinois, and which does business in Alabama.

2. Defendant Norcold, Inc. (hereinafter "Norcold") is a Delaware corporation with its principal place of business in the State of Ohio. Norcold has sufficient minimum contacts with Alabama and the prosecution of this action against said Defendant is not inconsistent with the constitution of Alabama or the Constitution of the United States. Said sufficient minimum contacts arise from Defendant Norcold's negligent manufacture, installation, and/or repair of a defective refrigerator and/or components thereof, and/or failure to warn of same, causing property damage in Alabama.

3.  Plaintiff Allstate adopts and incorporates by reference the statement concerning the fictitious parties as pled in the original Plaintiffs' Complaint. With respect to the fictitious parties, Allstate further alleges that such Defendants are:

   a.  business entities that are either:

      (1) Alabama corporations;

      (2) Unincorporated Alabama business entities; and/or

      (3) Foreign corporations and/or unincorporated business entities. The Court has jurisdiction over these defendants in that they have sufficient minimum contacts with Alabama and the prosecution of this action against said defendants is not inconsistent with the Constitution of Alabama or the Constitution of the United States. Said sufficient minimum contacts arise from Defendant Norcold's negligent manufacture, installation, and/or repair of a defective refrigerator and/or components thereof, and/or failure to warn of same, causing property damage in Alabama; or

   b.  Individuals over the age of 19 whose presence in this action does not destroy the Court's diversity jurisdiction and whose actions caused property damage in Alabama.

**FACTS**

4.  Plaintiff Daniel J. Roach, along with his wife, Marilyn S. Roach, were the owners of a 2004 Medallion travel trailer.

5.  On or about November 13, 2005, the travel trailer and its contents were destroyed in a fire that occurred in Lowndes County, Alabama.

6.  Included in the travel trailer was a refrigerator manufactured, installed, and/or repaired by Defendant Norcold and/or the fictitious Defendants.

7. Said refrigerator was negligently manufactured by Defendant Norcold such that it caused the aforementioned fire that destroyed the travel trailer and its contents.

8. At all times relevant to this Complaint, the contents of the Medallion travel trailer were insured by Plaintiff Allstate.

9. Ms. Roach filed a claim with Allstate, and Allstate paid $4,984.43 for the destruction of the contents of the travel trailer.

10. The aforementioned insurance policy gave Allstate a subrogation interest in any amount paid to its insured due to the fault of a third party.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S
## LIABILITY DOCTRINE (All Defendants)

11. Plaintiff Allstate incorporates by reference its averments in paragraphs 1-10 of its Complaint as if the same were set forth herein in extenso.

12. Defendant Norcold sold the aforementioned refrigerator in a condition that was unsafe to Mr. and Mrs. Roach – the ultimate users of the product.

13. The fictitious Defendants sold the components of said refrigerator in a condition that was unsafe to Mr. and Mrs. Roach – the ultimate users of the product(s).

14. The Defendants were, at all times relevant to this Complaint, in the business of selling the aforementioned products that caused the property damage suffered by Plaintiff Allstate's insured.

15. Said products were expected by the Defendants to reach the ultimate consumer without substantial change in the condition in which they were sold. In fact, the aforementioned products reached Mr. and Mrs. Roach without substantial change in the condition in which they were sold by the Defendants.

16. As a proximate result, Mr. & Mrs. Roach sustained property damage to the contents of the travel trailer for which Plaintiff Allstate was contractually obligated to pay.

WHEREFORE, Plaintiff Allstate Insurance Company demands judgment against all Defendants, in the sum of $4,984.43, plus interest and costs of Court.

## COUNT II
## FAILURE TO WARN (All Defendants)

17. Plaintiff Allstate incorporates by reference its averments in paragraphs 1-10 of its Complaint as if the same were set forth herein in extenso.

18. Defendants had a duty to warn Mr. and Mrs. Roach that their products could fail and cause fire damage.

19. Defendants breached said duty.

20. As a proximate result, Mr. & Mrs. Roach sustained property damage to the contents of the travel trailer for which Plaintiff Allstate was contractually obligated to pay.

WHEREFORE, Plaintiff Allstate Insurance Company demands judgment against all Defendants, in the sum of $4,984.43, plus interest and costs of Court.

## COUNT III
## NEGLIGENCE (All Defendants)

21. Plaintiff Allstate incorporates by reference its averments in paragraphs 1-10 of its Complaint as if the same were set forth herein in extenso.

22. The Defendants owed a duty(ies) to Mr. & Mrs. Roach which included, *inter alia*,

    a. to manufacture the aforementioned refrigerator in a reasonable workmanlike manner;

    b. to manufacture the component parts of the refrigerator in a reasonable workmanlike manner;

4

  c. to install the refrigerator in a reasonable workmanlike manner; and/or

  d. to repair the refrigerator in a reasonable workmanlike manner.

23. Defendants breached one or more of said duties.

24. As a proximate result of the Defendants' breach of their duty(ies), Mr. and Mrs. Roach suffered property damage to the contents of their travel trailer for which Allstate was contractually obligated to pay.

WHEREFORE, Plaintiff Allstate Insurance Company demands judgment against all Defendants, in the sum of $4,984.43, plus interest and costs of Court.

Respectfully submitted, this 3rd day of October, 2007.

      **s/Gary L. Willford, Jr.**
      GARY L. WILLFORD, JR. – Bar No. WIL198
      Attorney for Allstate Insurance Company
      WEBB & ELEY, P.C.
      7475 Halcyon Pointe Road (36117)
      Post Office Box 240909
      Montgomery, Alabama  36124
      Telephone:  (334) 262-1850
      Fax:  (334) 262-1889
      E-mail:  gwillford@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **3rd day of October, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **William Sawyer, Esq. and Jennifer M. Busby, Esq.**

      **s/Gary L. Willford, Jr.**
      OF COUNSEL