IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY as subrogee of DANIEL J. ROACH, )<br><br>Plaintiffs,<br><br>v.<br><br>NORCOLD, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:07cv454-ID<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO ALLSTATE INSURANCE COMPANY'S COMPLAINT IN INTERVENTION

Defendant Norcold, Inc. ("Norcold"), by and through undersigned counsel, hereby files its answer to the Complaint in Intervention filed by Plaintiff Allstate Insurance Company, as subrogeee of its Insured, Marilyn S. Roach ("Plaintiff"). For its response to the specifically-enumerated paragraphs of Allstate's Complaint in Intervention, Norcold states as follows:

### FIRST DEFENSE

### PARTIES

1.  Norcold denies, for lack of knowledge and information sufficient to form a belief at this time, the allegations in paragraph 1 of the Complaint.

2.  Norcold admits that its is a Delaware corporation with its principle place of business is in Ohio. Norcold denies all remaining allegations contained in paragraph 2 of the Complaint.

3.  Norcold denies the allegations in paragraph 3, including all subparts, of the Complaint.

## FACTS

4. Norcold denies, for lack of knowledge and information sufficient to form a belief at this time, the allegations in paragraph 4 of the Complaint.

5. Upon information and belief, Norcold admits that there was a fire involving the trailer on or about November 13, 2005. Norcold denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Norcold denies the allegations in paragraph 6 of the Complaint.

7. Norcold denies the allegations in paragraph 7 of the Complaint.

8. Norcold, denies for lack of knowledge and information sufficient to form a belief at this time, the allegations in paragraph 8 of the Complaint.

9. Norcold, denies for lack of knowledge and information sufficient to form a belief at this time, the allegations in paragraph 9 of the Complaint.

10. Norcold, denies for lack of knowledge and information sufficient to form a belief at this time, the allegations in paragraph 10 of the Complaint.

## COUNT ONE

### Alabama Extended Manufacturer's Liability Doctrine (All Defendants)

11. Norcold incorporates, by reference, as if fully set forth herein, the answers set forth in all paragraphs above.

12. Norcold denies the allegations in paragraph 12 of the Complaint.

13. Norcold denies that any refrigerator manufactured by it was defective and denies all remaining allegations in paragraph 13 of the Complaint.

14. Norcold denies the allegations in paragraph 14 of the Complaint.

15. Norcold states that any refrigerator manufactured by it is expected to be used and installed per its instructions, and should not to be modified. Norcold denies any refrigerator

manufactured by it was defective and denies all remaining allegations in paragraph 15 of the Complaint.

16. Norcold denies the allegations in paragraph 16 of the Complaint.

In response to the prayer for relief following paragraph 16 of the Complaint, Norcold denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT TWO

## FAILURE TO WARN (All Defendants)

17. Norcold incorporates, by reference, as if fully set forth herein, the answers set forth in all paragraphs above.

18. Norcold denies the allegations in paragraph 18 of the Complaint.

19. Norcold denies the allegations in paragraph 19 of the Complaint.

20. Norcold denies the allegations in paragraph 20 of the Complaint.

In response to the prayer for relief following paragraph 20 of the Complaint, Norcold denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## COUNT THREE

## NEGLIGENCE (All Defendants)

21. Norcold incorporates, by reference, as if fully set forth herein, the answers set forth in all paragraphs above.

22. Norcold denies the allegations in paragraph 22 of the Complaint.

23. Norcold denies the allegations in paragraph 23 of the Complaint.

24. Norcold denies the allegations in paragraph 24 of the Complaint.

In response to the prayer for relief following paragraph 24 of the Complaint, Norcold denies that Allstate is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a cause of action against Norcold upon which relief can be granted.

## THIRD DEFENSE

The product that is the alleged subject of this lawsuit is not defective.

## FOURTH DEFENSE

The refrigerator that is the alleged subject of this lawsuit is not unreasonably dangerous.

## FIFTH DEFENSE

To the extent that the refrigerator that is the alleged subject of this lawsuit was designed or manufactured by Norcold, it was not defectively designed and/or manufactured.

## SIXTH DEFENSE

Norcold denies that the refrigerator that is the alleged subject of this lawsuit was defective or unreasonably dangerous, but if it was, the Plaintiff knew of any alleged defect, was aware of any danger in the use of the product, and any such defects or dangers were open and obvious; yet, even with such knowledge, to Plaintiff.

## SEVENTH DEFENSE

Norcold denies that it was in any way negligent in the design or manufacture of the refrigerator, and states that the refrigerator, as designed and manufactured, was not defective.

## EIGHTH DEFENSE

Norcold did not owe any duty of care to Plaintiff.

## NINTH DEFENSE

Norcold did not breach any duty owed to Plaintiff, and there is no causal relationship between any conduct by Norcold and Plaintiff's alleged injuries.

## TENTH DEFENSE

Norcold pleads a lack of requisite standing on the part of Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims against Norcold are barred by the doctrine of waiver, estoppel and/or laches.

## TWELFTH DEFENSE

Plaintiff's claims for damages are barred because any damages suffered by Plaintiff were not proximately caused by the acts or omissions of Norcold.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because the refrigerator was altered, changed, improperly maintained, or otherwise was not in the same condition in a manner such that Norcold is relieved of liability.

## FOURTEENTH DEFENSE

Norcold states that the refrigerator at issue was substantially changed before it reached Plaintiff, and that any alleged defect is not attributable to Norcold.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence.

## SIXTEENTH DEFENSE

Plaintiff had the last clear chance to avoid injury.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by Alabama's statute of repose and statute of limitations.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by assumption of the risk.

### NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because of misuse of the product at issue.

### TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by federal and/or state preemption.

### TWENTY-FIRST DEFENSE

Plaintiff has failed to join parties who are needed for a just adjudication.

### TWENTY-SECOND DEFENSE

Norcold affirmatively asserts that the damages alleged in the Complaint are speculative.

### TWENTY-THIRD DEFENSE

To the extent Plaintiff incurred any injuries or damages, such injuries or damages were caused by the intervening and superseding acts or omissions of third parties.

### TWENTY-FOURTH DEFENSE

Norcold hereby asserts that the state of scientific knowledge and all materials related thereto at all times were such that Norcold neither knew nor could have known that any such product presented a significant risk of harm to Plaintiff, if properly installed.

### TWENTY-FIFTH DEFENSE

Norcold hereby asserts that the state of scientific knowledge and all materials related thereto at all times were such that Norcold neither knew nor could have known that any such product presented a significant risk of harm to Plaintiff, if properly used.

### TWENTY-SIXTH DEFENSE

Norcold hereby asserts that the product in question was manufactured and placed on the market in full compliance with the then-existing state of scientific and technical knowledge available.

### TWENTY-SEVENTH DEFENSE

Norcold affirmatively asserts that the product in question was supplied, if at all, in compliance with federal or state statutes or administrative regulations existing at the time which prescribed standards for design, inspection, testing, manufacturing, labeling, warning, and instructions for use of said product.

### TWENTY-EIGHTH DEFENSE

Norcold affirmatively asserts that Plaintiff and/or Plaintiff's agents, insurance carriers, or third parties owed a duty to properly and adequately preserve evidence relevant to the origin and cause of the fire. Norcold affirmatively asserts that Plaintiff and/or Plaintiff's agents, insurance carriers, or third parties breached said duties in that they are guilty of (i) failure to adequately and properly preserve all allegedly defective products involved herein, (ii) failure to provide Norcold with an adequate opportunity to inspect the scene of the fire so as to permit Norcold the opportunity to develop theories of alternative potential causes of the fire and to preserve evidence supporting alternative causes, and (iii) failure to reasonably, properly, and adequately preserve the evidence at the scene of the fire. The breaches set forth herein constitute, in whole or in part, spoliation of evidence, have resulted in unfair and undue prejudice to Norcold, and have materially prejudiced Norcold's ability to defend itself against Plaintiff's claims in this action.

### TWENTY-NINTH DEFENSE

Norcold affirmatively asserts that, in the event the defendants are found liable herein, any recoveries against Norcold should be apportioned between various contributing entities. Norcold specifically denies that it was the proximate cause of any alleged injury suffered by Plaintiff.

### THIRTIETH DEFENSE

Norcold never expressly or impliedly agreed to assume liability for any defective products manufactured by any other entity that may or may not be named in this action.

### THIRTY-FIRST DEFENSE

Plaintiffs failed to exercise ordinary care to avoid injury.

### THIRTY-SECOND DEFENSE

Norcold provided all warnings that it owed any duty to provide.

### THIRTY-THIRD DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### THIRTY-FOURTH DEFENSE

Plaintiff failed to properly maintain, or repair the product that is the alleged subject of this lawsuit.

### THIRTY-FIFTH DEFENSE

Plaintiff's Complaint is barred in whole or in part because Norcold provided adequate warnings, installation instructions, and use and care instructions for its product.

### THIRTY-SIXTH DEFENSE

To the extent that Plaintiff has received collateral source benefits in full or partial payments of the damages sought in this action, Norcold is entitled to a set off of any recovery

against Norcold to the extent of all such benefits paid, or payable to, or on behalf of, Plaintiffs, from any collateral source.

### THIRTY-SEVENTH DEFENSE

Plaintiff possessed specialized knowledge with respect to the product that is the alleged subject of this lawsuit.

Norcold reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, having fully answered, Defendant Norcold prays that Plaintiff take nothing on its Complaint and that Norcold herein have all of the relief to which it shows itself to be justly entitled, including its costs and a reasonable attorney's fee.

/s/ Briana M. Montminy
Jennifer M. Busby (BUS009)
Briana M. Montminy (MON067)
Attorneys for Defendant
NORCOLD, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

  I hereby certify that on this 19th day of November, 2007, the foregoing was electronically filed with Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William P. Sawyer
428 South Lawrence Street
P.O. Box 98
Montgomery, Alabama 36101

Gary L. Wilford, Jr.
Webb & Eley, P.C.
7475 Halcyon Pointe Road (36117)
Post Office Box 240909
Montgomery, Alabama 36124


     /s/ Briana M. Montminy
     Briana M. Montminy