IN THE UNITED STATES DISTRICT COURT OF ALABAMA
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY as subrogee of DANIEL ROACH, <br>         Plaintiff, <br><br> vs. <br><br> NORCOLD, INC., <br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) )  Case No.: 2:07cv454-ID |

## AMENDED COMPLAINT TO ADD
## MONACO COACH CORPORATION AS A DEFENDANT

### PARTIES

1. State Farm Mutual Auto Insurance Company is licensed to do business in Alabama.
2. Norcold, Inc. is an Ohio corporation which sells travel trailers.

### FACTS

1. State Farm issued a policy of insurance to Daniel J. Roach on a 2004 Medallion 36-foot, fifth-wheel travel trailer.
2. The travel trailer was manufactured and assembled by Norcold, Inc. Said trailer was the subject of a recall for the refrigerator to be inspected for gas leaks.
3. Daniel J. Roach took the trailer to the selling dealer for inspection and he was told everything was fine.
4. On or about November 13, 2005, a fire started in or near the refrigerator and the trailer was a total loss.
5. Pursuant to the terms of their insurance contract, State Farm Mutual Auto Insurance Company paid its insured, Daniel J. Roach, $80,000.00 and is subrogated for the amount they paid.

### COUNT I
(Breach of warranty-express and implied)

6. Plaintiffs incorporate by reference paragraph 1-5.
7. Defendant Norcold, Inc. issued an express warranty on the travel trailer.
8. Norcold, Inc. impliedly warrantied the travel trailer.

9. The manufacturer Norcold, Inc. breached all expressed and implied warranties in that the travel trailer did not meet the expectation of the buyer, was not fit for the purpose intended and the warranties failed of its essential purposes in that the trailer caught fire and burned.

WHEREFORE, plaintiff demands judgment in the sum of $80.000.00 for damages plus cost.

## COUNT II
(Breach of contract)

Plaintiffs incorporate by reference paragraph 1-9 and further allege:

10. Defendants had a duty to properly install the refrigerator so as not to allow a fire.
11. Defendant breached the contract to repair or replace the refrigerator so as to prevent a fire.

WHEREFORE, plaintiff demands judgment in the sum of $80,000.00 for damages plus cost.

## COUNT III
(Negligence)

12. Plaintiffs incorporate by reference paragraph 1-11.
13. Plaintiffs negligently installed the refrigerator in question and negligently failed to repair or replace the refrigerator.

WHEREFORE, plaintiff demands judgment in the sum of $80,000.00 for damages plus cost.

## AMENDMENT TO PLAINTIFF'S COMPLAINT
## CLAIMS AGAINST MONACO COACH CORPORATION

Comes now the Plaintiff and with leave of Court, amends its complaint as follows:

1. By adding as an additional Defendant, Monaco Coach Corporation.
2. Monaco Coach Corporation is regularly engaged in the business of manufacturing, assembling and selling travel trailers.
3. Monaco Coach Corporation is an Indiana Corporation with an address of 806 Nelson Parkway, Wakarusa, Indiana, 46573
4. Monaco Coach Corporation sold the 2004-36foot Medallion travel trailer to Bankston Motor Home in Huntsville, Alabama who in turn sold it to Daniel Roach, the insured of State Farm Mutual Auto Insurance Company.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

1. Defendant Monaco Coach Corporation sold the aforementioned travel trailer in a condition that was unsafe to Mr. and Mrs. Roach - the ultimate users of the product.
2. The Defendants sold the components of said travel trailer in a condition that was unsafe to Mr. and Mrs. Roach - the ultimate users of the product(s).
3. The Defendants were, at all times relevant to this Complaint, in the business of selling the aforementioned products that caused the property damage suffered by Plaintiff's State Farm Mutual Auto Insurance Company's insured.
4. Said products were expected by the Defendant to reach the ultimate consumer without substantial change in the condition in which they were sold. In fact, the aforementioned products reached Mr. and Mrs. Roach without substantial change in the condition in which they were sold by the Defendants.
5. As a proximate result, Mr. and Mrs. Roach sustained property damage to the contents of the travel trailer for which Plaintiff State Farm Mutual Auto Insurance Company was contractually obligated to pay.

WHEREFORE, Plaintiff State Farm Mutual Auto Insurance Company demands judgment against all Defendants, in the sum of $80,000.00 plus interest and costs of Court.

## COUNT II
## FAILURE TO WARN

6. Plaintiff State Farm Mutual Auto Insurance Company incorporates by reference its averments in paragraphs 1-5 of its Complaint as if the same were set forth herein in extenso.
7. Defendants had a duty to warn Mr. and Mrs. Roach that their products could fail and cause fire damage.
8. Defendants breached said duty.
9. As a proximate result, Mr. and Mrs. Roach sustained property damage to the contents of the travel trailer for which Plaintiff State Farm Mutual Auto Insurance Company was contractually obligated to pay.

WHEREFORE, Plaintiff State Farm Mutual Auto Insurance Company demands judgment against all Defendants, in the sum of $80,000.00 plus interest and costs of Court.

## COUNT III
## NEGLIGENCE

11. Plaintiff State Farm Mutual Auto Insurance Company incorporates by reference its averments in paragraphs 1-9 of its Complaint as if the same were set forth herein in extenso.

    12.    The Defendants owed a duty(ies) to Mr. and Mrs. Roach which included, *inter alia,*
- a. to manufacture the aforementioned travel trailer in a reasonable workmanlike manner;
- b. to manufacture the component parts of the travel trailer in a reasonable workmanlike manner;

    13.    Defendants breached one or more or said duties.

    14.    As a proximate results of the Defendants' breach of their duty(ies), Mr. and Mrs. Roach suffered property damage to the contents of their travel trailer for which State Farm Mutual Auto Insurance Company was contractually obligated to pay.

WHEREFORE, Plaintiff State Farm Mutual Auto Insurance Company demands judgment against all Defendants, in the sum of $80,000.00 plus interest and costs of the Court.

/s/ William P. Sawyer
William P. Sawyer - SAW003
Attorney for Plaintiff State Farm Mutual
Auto Insurance aso Daniel Roach

**CERTIFICATE OF SERVICE**

I do hereby certify that on January 30, 2008, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer M. Busby, Esq.  
Burr & Forman, LLP  
420 N. 20th Street, Ste 3400  
Birmingham, AL 35203

Gary L. Wilford, Jr., Esq.  
P.O. Box 2409090  
Montgomery, AL 36124

/s/ William P. Sawyer
OF COUNSEL

January 30, 2008