IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTO INS. CO. as subrogee of DANIEL J. ROACH, <br><br>Plaintiff, <br><br>v. <br><br>NORCOLD, INC., *et al.*, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACT. NO. 2:07cv454-ID |

**ORDER**

Before the court is Defendant Norcold, Inc.'s ("Norcold") Motion to Dismiss Amended Complaint. (Doc. No. 51.) The amended complaint to which Norcold objects was filed by Plaintiff State Farm Mutual Auto Insurance Co. ("State Farm") on January 30, 2008.[1] (Doc. No. 47.) The court gave State Farm an opportunity to respond to Norcold's Motion, but State Farm did not do so. (Doc. No. 52.)

As one ground for its Motion, Norcold argues that Counts I, II and III of the Second Amended Complaint should be dismissed because "all of the allegations . . . are directed at the 'manufacturer of the travel trailer.'" (Doc. No. 51 ¶ 4.) Norcold further states that, although the Second Amended Complaint says that Norcold manufactured the travel trailer at issue, State Farm "is aware that Norcold did not manufacture the travel

---

[1] State Farm has amended the original complaint twice. (See Doc. Nos. 1, 12, 47.) Herein, the court refers to the amended complaint, filed January 30, 2008, as the "Second Amended Complaint."

trailer." (Id.); (Doc. No. 47 at 1.) The court recognizes that State Farm's allegations in the Second Amended Complaint may be in error because in an earlier pleading State Farm stated that it "ha[d] recently learned through Discovery that Monaco Coach Corporation manufactured, assembled, designed and placed in the stream of commerce the 2004 travel trailer made the basis of this action."[2] (Doc. No. 40 at 1.) Norcold also consistently has maintained that it is not the manufacturer of the travel trailer, but rather is the manufacturer of the refrigerator allegedly installed in the travel trailer owned by Daniel J. Roach.

In search of clarity, the court carefully reviewed State Farm's pleadings in this case, including State Farm's response to Norcold's original motion to dismiss (Doc. No. 7) and State Farm's first motion for leave to amend its complaint. (Doc. No. 8.) In the first motion for leave to amend its complaint, for instance, State Farm asserts that it "now clearly understands that Norcold manufactured the defective refrigerator," (id.), and the amended complaint which followed accurately reflected this understanding by asserting claims against Norcold as the manufacturer of the subject refrigerator. (Doc. No. 12.) Yet, in the Second Amended Complaint, which controls the issues, State Farm alleges claims against Norcold on the basis that "[t]he travel trailer was manufactured and

---

[2] The court notes that the Second Amended Complaint, which is not a model of clarity, is divided into two sections. The first section alleges Counts I, II and III against Norcold. The second section, titled "Amendment to Plaintiff's Complaint," adds Monaco Coach Corporation ("Monaco") as an "additional Defendant" and includes a separate "Count I," "Count II" and "Count III" against Monaco.

assembled by Norcold." (Doc. No. 47 at 1); see Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (holding that "an amended complaint supersedes the original complaint").

The only thing that is clear from the court's review of the record is that the state of State Farm's pleadings is in disarray. For this reason, the court finds that in order to narrow the claims which actually are at issue, the best course of action is to postpone a ruling on the present Motion to Dismiss and to require State Farm to inform the court whether it is pursuing claims against Norcold and, if so, exactly what claims it is asserting against Norcold. If State Farm is no longer pursuing any claims against Norcold, it should file a pleading expressly stating this fact, and the court will enter an appropriate order. If the Second Amended Complaint does not accurately reflect the facts, theories or claims which State Farm is bringing against Norcold, State Farm shall move for leave of court to amend its Second Amended Complaint out of time. (See Doc. No. 38 ¶ 4 (Uniform Scheduling Order).) The proposed amendment shall be titled, "Third Amended Complaint," and shall comply with Rule 8(a) of the Federal Rules of Civil Procedure. Furthermore, as the court previously has advised State Farm, any proposed amended complaint must be attached to the motion to amend and must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference, meaning that all claims and all defendants must be included in the proposed amendment to the complaint. See M.D. Ala. LR 15.1. Additionally, in formulating its claims, if any, against Norcold, State Farm should review the court's Order entered on

3

July 18, 2007, in which the court dismissed State Farm's claims for breaches of express and implied warranties against Norcold. (Doc. No. 20.)

Accordingly, it is CONSIDERED and ORDERED that the court hereby DEFERS ruling on Norcold's Motion to Dismiss Amended Complaint (Doc. No. 51) until such time that State Farm complies with the court's directives herein. State Farm is DIRECTED to comply with the directives herein on or before March 21, 2008.

DONE this 7th day of March, 2008.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE